IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01038-PAB

BATRK SHEHATA,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,
TODD BLANCHE, Acting United States Attorney General,
TODD LYONS, Director of United States Immigration and Customs Enforcement,
KALEI WALKER, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement, Department of Homeland Security,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT[1]

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Batrk Shehata's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8. Petitioner filed a reply. Docket No. 9.

## I.    BACKGROUND[2]

Petitioner is a national and citizen of Egypt who entered the United States on or about December 16, 2024. Docket No. 1 at 5, ¶ 12. United States Customs and Border Protection ("CBP") determined that petitioner is inadmissible and processed him for

---

[1] Markwayne Mullin is substituted as a party for Kirsti Noem and Todd Blanche is substituted as a party for Pam Bondi pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).  Docket No. 8-1 at 2, ¶ 6.  On January 8, 2025, petitioner claimed a fear of persecution and Immigration and Customs Enforcement ("ICE") referred petitioner to U.S. Citizenship and Immigration Services ("USCIS") for a credible fear interview pursuant to 8 U.S.C. 1225(b)(1)(A)(ii).  *Id.*, ¶ 9. On January 6, 2025, petitioner was transferred to the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 3, ¶ 10.  On January 29, 2025, USCIS conducted a credible fear interview and determined that petitioner established either a credible fear of persecution or a reasonable probability of persecution.  *Id.*, ¶¶ 11-12.

On February 28, 2025, USCIS issued petitioner a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a before the Executive Office for Immigration Review ("EOIR").  *Id.*, ¶ 13.  The Notice charged petitioner with being inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i). *Id*.  On March 11, 2025, petitioner appeared before an immigration judge and admitted the allegations in the Notice.  *Id.*, ¶ 14.  On April 7, 2025, petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with EOIR.  *Id.*, ¶ 15.

On August 5, 2025, the immigration judge denied petitioner's application for asylum, ordered him removed to Egypt, and granted petitioner withholding of removal under 8 U.S.C. § 1241(b)(3).  Docket No. 1 at 5, ¶ 13; Docket No. 8-1 at 3, ¶ 16.  The immigration judge's order became administratively final on September 4, 2025.  Docket No. 8-1 at 4, ¶ 17.

On March 13, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2441.  *See* Docket No. 1.  Petitioner brings claims for violation of his Fifth Amendment Right to Due Process (Count One) and for violation of the Immigration and

Nationality Act, 8 U.S.C. § 1226 (Count Two).  *See id.* at 5-6.  Petitioner requests, among other forms of relief, that the Court order petitioner's release.  *See id.* at 6.

## II.    ANALYSIS

In Count One, petitioner alleges that respondents violated his due process rights under the Fifth Amendment.  *See id.* at 5.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution.  *See Zadvydas*, 533 U.S. at 701.  *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  This standard does not require petitioner to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable."  *Id.* at 702.  Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future.  *Id.* at 701.

Respondents concede that petitioner has been detained for longer than the six-month presumptively reasonable period.  *See* Docket No. 8 at 6-7.  Therefore, the Court turns to whether petitioner has met his burden under *Zadvydas*.  Respondents argue that petitioner has not met his burden because ICE continues to pursue petitioner's removal and "DHS and the U.S. Department of State are working in coordination to evaluate and select a third country for removal."  *See id.* at 7-8.

Petitioner's removal order has been administratively final since September 4, 2025.  Docket No. 8-1 at 4, ¶ 17.  In that time, respondents have been unable to effect

petitioner's removal and there is no indication that respondents have made any attempts to remove petitioner to a third country.  Respondents have not identified any third countries where petitioner's removal would be possible.  Furthermore, petitioner cannot be removed to Egypt because an immigration judge granted petitioner's withholding of removal.  *See id.* at 3-4, ¶ 16.  Accordingly, the Court finds that petitioner has satisfied his burden under *Zadvydas.  See Ahrach v. Baltazar,* No. 25-cv-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met her burden where petitioner had been detained for over six months and the only efforts respondents had made to remove petitioner was to solicit acceptances from other countries); *Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *5 (D. Colo. Dec. 8, 2025) ("Because Petitioner has been granted withholding of removal to his only country of citizenship and there are no other countries currently identified that would accept him, Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") (internal quotation and citation omitted); *Vargas v. Noem,* 2025 WL 2770679, at *2 (D. Kan. Sept. 29, 2025) ("The Court concludes that petitioner has met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future.  Petitioner has now been detained for nearly nine months since his removal order became final on January 4, 2025, well beyond the six-month period sanctioned by the Supreme Court in *Zadvydas*, and officials have still not been able to remove him or even to schedule his removal."); *Salazar-Martinez v. Lyons*, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) (finding that petitioner met her burden where petitioner had been detained for seven months, an immigration judge had granted petitioner's withholding of removal to the

4

country of her citizenship, and ICE failed to identify a country that has agreed to accept petitioner).

Turning to respondents' burden under *Zadvydas*, respondents argue that they have presented evidence sufficient to rebut petitioner's showing because "ICE states that it continues to pursue Petitioner's removal to a third country" and "DHS and the U.S. Department of State are working in coordination to evaluate and select a third country for removal." *See* Docket No. 8 at 7-8. These unsubstantiated assertions that respondents are working toward petitioner's removal to a third country are insufficient to meet respondents' burden. *See Aguilar*, 2025 WL 3514282, at *6 ("Respondents' bare assertions that ICE is pursuing third country removal options are insufficient to meet Respondents' burden to put forth evidence sufficient to rebut Petitioner's showing") (internal quotation, citation, and alteration omitted); *Chennah v. Baltazar,* No. 26-cv-00112-CNS, 2026 WL 179951, at *3 (D. Colo. Jan. 23, 2026) ("Numerous courts have persuasively rejected . . . equivocated, conclusory justifications for continued detention, and based on the current record the Court joins them in rejecting Respondents' infirm justification for Petitioner's continued detention here."); *Gonzalez Gutierrez v. Carter,* 811 F. Supp. 3d 1283, 1287 (D. Kan. 2025) ("respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials have failed in their undescribed 'attempts' to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries . . . petitioner will nonetheless be removed to a third country in the reasonably foreseeable future"). Accordingly, respondents fail to rebut petitioner's showing as to the likelihood of his removal.

5

Respondents ask that the Court grant them leave to submit a status report within 30 days "concerning the status of their efforts to remove Petitioner."  Docket No. 8 at 8.  Because "respondents provide no reason to believe [petitioner's] removal would be any closer in another thirty days," the Court will deny that request.  *See Ahrach*, 2025 WL 3227529, at *5.  The Court finds that respondents have detained petitioner in violation of the Fifth Amendment and 8 U.S.C § 1231(a) and will order that petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3).[3]

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner the Batrk Shehata's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that Petitioner's Motion for Preliminary Injunction [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that respondents shall release petitioner Batrk Shehata from custody within 72 hours.  It is further

---

[3] Because the Court will order petitioner's release on the basis of Count One, it will not address petitioner's other claims for relief.  *See* Docket No. 1 at 5-6; *Ahrach*, 2025 WL 3227529, at *3 n.7 ("Because the Court will grant habeas relief on Ms. El Ahrach's *Zadvydas* claim, it need not address her other due process claims or determine the appropriate standard for analyzing those claims.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

**ORDERED** that respondents shall file a status report within 48 hours of petitioner's release.

DATED April 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge